**Max GENET, Jr., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 9030.**

United States Court of Appeals
Tenth Circuit.

April 5, 1967.

Joe Cannon, Oklahoma City, Okl., for appellant.

John W. Raley, Jr., Asst. U. S. Atty., (B. Andrew Potter, U. S. Atty., was with him on the brief), for appellee.

Before PICKETT, LEWIS and HICKEY, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

After entry of plea of guilty to each of four counts charging failure to file income tax returns for the years 1958, 1959, 1960 and 1961, violative of 26 U.S.C. § 7203, the District Court for the Western District of Oklahoma placed appellant upon probation for a period of five years and reserved imposition of sentence pursuant to the authority under 18 U.S.C. § 3651. Such order was entered on December 1, 1965, and was conditioned "that defendant continue to support his children in compliance with [divorce] court order in Tulsa, Oklahoma; * * *" On January 27, 1966, after a full evidentiary hearing, the trial court revoked probation and imposed a sentence of imprisonment. This appeal followed, appellant asserting that the trial court abused its discretion in ordering revocation of probation and imposing sentence.

The trial court made two specific findings of fact: that appellant had made no payments for the support of his children since December 1, 1965 and that appellant had been financially unable on his own to make the child support payments since December 1, 1965.

The power to revoke probation upon a finding of failure to comply with

a condition of probation lies within the judicial discretion of the sentencing judge, but of course cannot be arbitrarily invoked nor clearly abused. Hamilton v. United States, 10 Cir., 219 F.2d 364. The power "implies conscientious judgment, not arbitrary action. * * * " Burns v. United States, 287 U.S. 216, 222–223, 53 S.Ct. 154, 156, 77 L.Ed. 266. Exercise of the power to revoke requires a consideration of both the reasons underlying the original imposition of conditions and the reasons leading to a failure to comply with such conditions by the probationer.

In the case at bar, appellant did not comply with the conditional requirement to support his children because of his financial inability to do so. Under many circumstances, the good faith, or its lack, of the probationer's attempt to comply with the compulsion of the court's order will test the justness of an order of revocation. See United States v. Taylor, 4 Cir., 321 F.2d 339. But under some circumstances the good faith of the probationer need not be controlling and the factual failure of non-compliance may be the prime consideration in exercising judicial discretion.

On the date that appellant was granted conditional probation he was employed and earning $1,000 per month plus some fringe expense benefits. He lost his job shortly thereafter. The trial court in granting probation stated his reasons in pertinent part thus:

"[I]n this case I could not send you to prison as much as I think that should be done, for the reason you have these five daughters to support and had been supporting them, to the extent of $300.00 a month plus $300.00 a month alimony to your former wife, and I don't know what they would do without this income, nor could this Court see that the ends of justice would be served by fining you because

you are deep in debt and the adverse publicity you have received has made it more difficult for you to gain a livelihood, and I am thankful we have a free press which can properly publicize the facts and circumstances that has been done in this case, and I realize that too has been some punishment to you, and the only thing that I see to do under these circumstances in your case is to severely criticize you for your acts, and to delay the imposition of sentence, or suspend the imposition of sentence and place you on probation for five years, and as part of the condition of your probation, it is the order of the Court that you continue to support your children in accordance with the order of the District Court of Tulsa County, * * * "

It seems clear that the trial court was firmly of the opinion that appellant deserved imprisonment for his transgressions and that conditional probation was granted not as an instrument of rehabilitation nor as an element of punishment as in United States v. Taylor, supra, but as a continuing assurance to the welfare of appellant's five children. When the reason for probation was dissipated, although not through appellant's affirmative fault, we cannot say that the trial court abused its discretion in ordering commitment.

Appellant's counsel also urges that appellant's sentence (20 months) is excessive and argumentatively criticizes some remarks by the trial judge concerning more severe punishment for persons holding public office than for "laymen." Sufficient it is to say that appellant's sentence is well within the statutory limits and that it is always the duty of a sentencing judge to consider both the crime and the person committing crime when determining a just sentence.

Affirmed.