**UNITED STATES of America ex rel. Howard J. VIVIAN, Jr.**

v.

**Saul BOOKBINDER, Warden Holmesburg Prison.**

Misc. No. 3758.

United States District Court
E. D. Pennsylvania.

June 20, 1968.

I. Irving Tubis, Philadelphia, Pa. and Sam Polur, New York City, for plaintiff.

Welsh S. White, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

Relator, an inmate currently confined at Holmesburg Prison in Philadelphia, has petitioned this Court for a writ of habeas corpus. He alleges that his constitutional rights have been denied in that he was subjected to double jeopardy.

Briefly, Vivian was originally slated for sentencing on February 14, 1966 in the Quarter Sessions Court of Philadelphia County. At that time the court in

considering and discussing probation stated:

> Now I will release him for two weeks. By the end of two weeks, I want a * * * (3) report from the psychiatrist who by then will have seen him and what he feels about this man * * * and then I put him on probation for seven years.

On February 23, 1966 Vivian was brought back before the court. In the interim the psychiatric reports called for had been submitted to the judge. In effect the doctors concluded that probation would be inadequate in the case of Vivian; that he needed educational and vocational training in the proper institutional environment. At this proceeding Vivian was sentenced to three to ten years' imprisonment.

The question presented is whether the second hearing constituted a re-sentencing or a mere revocation of probation for failure to meet conditions of the probation order. Section 28 U.S.C.A. § 2254(d) provides:

> (d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, * * *

> (8) [or] unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determi-

nation is not *fairly supported* by the record: [Emphasis added.]

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

■ The Pennsylvania Supreme Court in this matter found that the alleged re-sentencing was in fact merely a modification of an order of probation arising out of a failure to meet conditions implicit in the terms of the probation. Power to revoke probation for failure to comply with a condition set forth in the probationary order is within the discretion of the sentencing judge. Genet v. United States, 375 F.2d 960 (10th Cir.1967).

It is the opinion of this Court that the determination of the State Supreme Court was *"fairly supported"* by the record in the case. Commonwealth v. Vivian, 426 Pa. 192, 231 A.2d 301 (1967).

■ After an exhaustive reading of the record in the Vivian case (including the transcript of the sentencing hearings, psychiatric reports, bills of indictments with *sentences affixed*, briefs and opinions) and after a full hearing before this Court, my *independent* judgment is that relator was indeed placed on conditional probation; that one of the conditions was that the psychiatric opinion should concur with placing Vivian on probation; that the psychiatrists did not so concur; that the trial judge properly

recalled the defendant and could lawfully revoke the probation and sentence him to a term of imprisonment.

Having thus concluded that relator was *not* subjected to double jeopardy by the Commonwealth, it is not necessary to determine at this time the complex constitutional question of whether the double jeopardy guarantee embodied in the Fifth Amendment to the Constitution of the United States applies to the states by reason of the Fourteenth Amendment. See, Bartkus v. People of State of Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); but cf. United States ex rel. Hetenyi v. Wilkins, 348 F. 2d 844 (2nd Cir.1965).

And now, to wit, this 20th day of June, A.D. 1968, it is ordered that relator's petition for a writ of habeas corpus be and the same is hereby denied.

And it is so ordered.