UNITED STATES of America,
Plaintiff-Appellee,

v.

Stuart G. MacKENZIE,
Defendant-Appellant.

No. 79–5164
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 23, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

John J. C. O'Shea, Lubbock, Tex., for defendant-appellant.

Bob D. Slough, Asst. U.S. Atty., Lubbock, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and VANCE, Circuit Judges.

PER CURIAM:

Stuart G. MacKenzie, a 79-year-old medical doctor, pled guilty to possession of a controlled substance in violation of 21 U.S. C.A. § 841(a)(1). Pursuant to a plea bargain he was sentenced to pay a $5,000 fine and to be imprisoned for one year. The sentence of imprisonment was suspended and MacKenzie was placed on probation for three years on special conditions which included a grant of full access to MacKenzie's home office and records to detect future drug violations.

Within nine months of sentence MacKenzie's probation officer alleged that he had violated probation by practicing medicine after his license to practice had been cancelled by the Texas State Board of Medical Examiners and by making three false statements to his probation officer denying he was practicing medicine. After a plenary hearing the district court revoked MacKenzie's probation. He appeals from that revocation asserting four technical errors, each of which is without merit.

First, MacKenzie asserts that the indictment to which he pled fails to state an offense. That is no defense in a probation revocation proceeding. *United States v. Francischine*, 512 F.2d 827 (5th Cir. 1975).

Second, MacKenzie asserts that the probation officer was required to give him *Miranda* warnings before interrogating him and obtaining admissions that he was practicing medicine without a license and had lied about such practice in former interviews with the probation officer. *Miranda's* prophylaxis is inapplicable in a probation revocation proceeding. *United States v. Johnson*, 455 F.2d 932 (5th Cir. 1972).

Third, MacKenzie asserts that the evidence adduced was insufficient to prove beyond a reasonable doubt that he had practiced medicine in violation of his probation. In addition to MacKenzie's own admission the government adduced evidence of patients and drug purchase records. This was more than sufficient to meet the lesser standard of proof applicable. Enough evidence to satisfy the district judge that the conduct of probationer has not met the conditions of probation is all that is required. *United States v. Garza*, 484 F.2d 88, 89 (5th Cir. 1973).

Finally, MacKenzie asserts that the order of the Texas Board of Medical Examiners cancelling his license to practice medicine was improperly admitted. In this rev-

ocation proceeding relaxed evidentiary rules apply, but the proof offered clearly met the requirement of Federal Rule of Evidence 902(1).

AFFIRMED.