**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Keith Alexander McLEOD,
Defendant-Appellant.**

**No. 79–5294
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 27, 1979.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Gloria Roa, Jerome Bill Ullman, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Samuel Smargon, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This appeal presents the question whether the District Court abused its discretion in revoking defendant's probation. Defendant, Keith Alexander McLeod, pled guilty on November 21, 1975 to illegal re-entry into the United States in violation of 8 U.S.C. § 1326. The indictment to which he pled guilty charged that he was found in the United States without having first obtained the consent of the Attorney General to re-apply for admission after his deportation from the United States in December, 1972. Upon his plea of guilty, the District Court sentenced defendant to two years imprisonment, which was probated for a period of three years upon the special condition that defendant would not attempt to re-enter the United States illegally.

After a probation revocation hearing on April 23, 1979, the District Court revoked defendant's probation for violation of the special condition that he not attempt to re-enter the United States illegally. The Government's testimony showed that defendant was arrested in Miami, Florida on November 9, 1978, prior to the completion of his probation, and that the Attorney General had not consented to his re-admis-

sion after his second deportation in 1975. The Government's testimony revealed that the only method for defendant to re-enter the country legally was for defendant to obtain the consent of the Attorney General to re-enter the United States. The Government showed the absence of such consent by introducing into evidence a certification of the nonexistence of records by the Attorney General either granting such consent or permitting the defendant to re-apply for admission to the United States after deportation. In response, the defendant presented no witnesses. The defendant introduced into evidence only one item, a document styled "Notice of Approval of Relative Immigrant Visa Petition", which the Department of Justice had issued to defendant's wife. The document describes defendant as a beneficiary, and it recites that:

"[t]he approval constitutes no assurance that the beneficiary will be found eligible for visa issuance, admission to the United States or adjustment to lawful permanent resident status. Eligibility for visa issuance is determined only when application therefor is made to a consular officer; eligibility for admission or adjustment is determined only when application therefor is made to an immigration officer."

The defendant presented no evidence of either the issuance of a visa or of an approval of admission.

■ During final argument at the probation revocation hearing, defendant's attorney contended that the Government had not conclusively shown defendant's violation of the special condition and that the District Court did not possess the power to impose as a condition of probation the requirement that the defendant not re-enter the United States illegally. The initial grant or denial of probation is a matter that is entrusted to the discretion of the trial court, and it cannot be demanded as a matter of right. *United States v. Savage*, 440 F.2d 1237, 1239 (5th Cir. 1971); *Simon v. United States*, 269 F.Supp. 738, 745 (E.D. La.1967), aff'd, 397 F.2d 813 (5th Cir. 1968). The revocation of probation is also within the sound discretion of the District Court.

*United States v. Garza*, 484 F.2d 88, 89 (5th Cir. 1973). The District Court has broad latitude to prescribe reasonable conditions upon probation. 18 U.S.C. § 3651, *Barnhill v. United States*, 279 F.2d 105, 106 (5th Cir.), cert. denied, 364 U.S. 824, 81 S.Ct. 60, 5 L.Ed.2d 53 (1960). The District Court did not abuse that discretion.

■ On appeal, defendant's attorney, relying upon *United States v. Landay*, 513 F.2d 306 (5th Cir. 1975), asserts only that the District Court erred by not considering whether defendant had made a good faith attempt to comply with the special condition on this probation. *U. S. v. Guevara-Martinez*, 597 F.2d 954 (5th Cir. 1979). The defendant did not raise this issue in the District Court, and the only evidence of a good faith attempt by defendant to comply with the special condition on his probation was the Department of Justice's form notice of a visa petition that was issued to defendant's wife. Matters mentioned on appeal for the first time will not be recognized unless they rise to the level of plain error. Plain errors are those that affect the substantial rights of the parties. F.R. Crim.P. 52(b); *United States v. Brown*, 548 F.2d 1194, 1207 (5th Cir. 1977); *United States v. Patterson*, 528 F.2d 1037, 1040 (5th Cir. 1976).

■ The defendant presented insufficient proof of a sincere, good faith attempt to comply with the special condition on his probation. The defendant in *United States v. Landay* made not only a good faith attempt to keep the terms of his probation agreement, but also actually kept his bargain. 513 F.2d at 307, 309 & n.10. A good faith attempt to comply with a probation agreement is not a controlling factor, but only one of many factors that a District Court may consider in the exercise of its discretion to revoke probation. See 2 C. Wright, Federal Practice and Procedure § 530 (1969). The District Court did not commit plain error that would necessitate reversal on appeal.

■ The record reveals sufficient evidence of defendant's entry without the con-

sent of the Attorney General to satisfy the lesser standard of proof that the probationer had not complied with the conditions of his probation. *United States v. Evers*, 534 F.2d 1186, 1188 (5th Cir.), *cert. denied*, 429 U.S. 1024, 97 S.Ct. 644, 50 L.Ed.2d 626 (1976). Revocation of probation does not require proof beyond a reasonable doubt, the standard sufficient to support the original criminal conviction. *United States v. MacKenzie*, 601 F.2d 221, 222 (5th Cir. 1979); *United States v. Garza*, 484 F.2d at 89.

Probation revocations will be reversed on appeal only upon a clear showing of abuse of the District Court's discretion. The defendant has not shown an abuse of that discretion. The defendant has been twice deported for illegal entry, and sufficient evidence was presented by the Government of another illegal re-entry.

The order appealed from revoking defendant's probation is

AFFIRMED.