# UNITED STATES of America, Plaintiff-Appellee,

v.

## Jose Armando RIVERA, Jr., Defendant-Appellant.

### No. 79–5588

### Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 3, 1980.

Roland E. Dahlin, II, Federal Public Defender, Charles S. Szekely, Jr., Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

John M. Potter, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

PER CURIAM:

On July 29, 1976, the appellant, Jose Armando Rivera, Jr., pled guilty to an indict-

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

ment charging him with possession of marijuana with the intent to distribute in violation of 21 U.S.C.A. § 841(a)(1). He was sentenced to a term of three years, with the condition that he be confined in a jail-type institution for a period of five months. The remainder of the sentence was suspended, and the appellant was placed on supervised probation for a period of five years. A special parole term of three years was added in accordance with the statute under which he was convicted.

As a result of the filing of a probation revocation petition by the United States Parole Office, the district court issued a bench warrant for the appellant's arrest on April 3, 1979. A hearing was held, and the judge revoked Rivera's probation on July 12, 1979. He was then sentenced to a prison term of two years and seven months and a special parole term of three years.

The appellant maintains that the district court abused its discretion in revoking his probation on evidence that was "equivocal at best." Having found no abuse of discretion, we affirm.

The government's petition for revocation alleged two specific probation infractions: (1) that the appellant should violate no federal, state, or local law, and (2) that he should not leave the judicial district without permission of his supervising officer. This allegation was based on information received by Rivera's probation officer indicating that he had committed a murder in Mexico during the latter part of January, 1979.

At the revocation hearing, Rivera was identified by a musician who performed at a cantina in the town of Miguel Aleman, Tamaulipas, Mexico. This witness testified that the appellant had been in the bar on January 27, 1979, and that he had shot and killed another customer. The manager of the cantina also testified at the hearing. He was twice unable to identify the appellant as the murderer, but he did know that the assailant had been called by the name Jose Rivera by others present in the bar that night. The appellant's only witness at the hearing was his father, Jose Armando Rivera, Sr. He testified that he had been told by Mexican authorities that his brother, Roberto Rivera, had committed the murder.

■ Rivera claims that the commission of a crime in Mexico is not a violation of "federal, state, or local laws" and, therefore, is not grounds for probation revocation. We need not reach that contention, however, because we find the evidence sufficient to support revocation based on the appellant's leaving the Southern District of Texas without permission. Although the evidence against the appellant is not overwhelming, "[e]vidence that would establish guilt beyond a reasonable doubt is not required to support an order revoking probation." *United States v. Francischine*, 512 F.2d 827, 829 (5th Cir.), *cert. denied*, 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261 (1975). The evidence must merely be sufficient to satisfy the district court that the conduct of the probationer did not comport with the conditions of probation. *United States v. MacKenzie*, 601 F.2d 221 (5th Cir. 1979). The district court has broad discretionary power in matters of probation revocation, *United States v. Francischine, supra*, and a decision thereon will not be disturbed on appeal absent a clear showing of abuse of that discretion. *United States v. McLeod*, 608 F.2d 1076 (5th Cir. 1979). Since the appellant has failed to make such a showing, we affirm the order of the district court revoking his probation.

AFFIRMED.