UNITED STATES of America,
Plaintiff-Appellee,

v.

Rick R. LACEY, Defendant-Appellant.

No. 80–2052

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.*
Unit A

Nov. 9, 1981.

Ernest Moulos, Wichita, Kans., for defendant-appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for the U. S.

Before BROWN, POLITZ, and TATE, Circuit Judges.

TATE, Circuit Judge:

The defendant Lacey appeals from the revocation of his probation. Earlier, we remanded these proceedings because we found the findings upon which the revocation was based were inadequate to review Lacey's contentions. 648 F.2d 441 (5th Cir. 1981). Although our decree was somewhat ambiguous, we intended that, upon the district court's entering findings, the appellant could seek further review by filing a certified copy of the district court's findings plus any supplementary briefs and materials, without the necessity of filing a new notice of appeal. See *Chaney v. Schweiker*, 659 F.2d 676, 679 at n.5 (5th Cir. 1981); *United States v. Gaston*, 608 F.2d 607, 614 at n.3 (5th Cir. 1979). This, in fact, was the procedure followed. After reviewing the district court's findings of fact and conclusions of law on remand set forth by its memorandum order filed October 7, 1981, we affirm the revocation of probation.

Our remand was occasioned by our concern, in the absence of a specific finding, that the district court in revoking probation and denying a reduction of the five-year sentence of imprisonment originally imposed may have given credence to hearsay summary testimony indicating more extended criminal conduct than that proved at the revocation hearing. No evidence, other than the hearsay summary, was presented as to the charge that Lacey had traveled

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

outside the district of his probation to North Carolina, where he transacted business under an assumed name. On the remand, the district court found that there was no evidence to support this charge, but stated that it had not based its revocation upon it. (The district court also found that the evidence was insufficient to show that the defendant was in possession of a small quantity of marijuana found in a nearby automobile at the time that Lacey was arrested for possession of 48.82 grams of methamphetamine.)

However, the district court found that the evidence clearly proved that the defendant was in possession of the 48.82 grams of methamphetamine and had passed the substance to another on September 19, 1978, when he was then arrested. The court also noted that, with primary emphasis on this offense alone, it revoked Lacey's probation and re-imposed the original sentence of five years imprisonment. (The court further found that the evidence showed that at the time of the arrest Lacey was using a driver's license in the name of another in violation of a Kansas misdemeanor statute, also a violation of the condition of probation.)

On this further appeal, the defendant Lacey argues that the evidence was insufficient to support these findings, and that, at any rate the court abused its discretion in revoking the probation and in denying a reduction of sentence. These contentions are without reversible merit.

As recently summarized by us in *United States v. Feinberg*, 631 F.2d 388, 391 (5th Cir. 1980):

▮ The evidence to support a revocation need not establish guilt beyond a reasonable doubt; all that is required is that the evidence of the facts reasonably satisfy the judge that the conduct of the probationer violates the conditions of probation. The district court has broad discretion with regard to the revocation of probation, and its actions will not be disturbed in the absence of a clear showing of an abuse of that discretion. *Burns v. United States*, 287 U.S. 216, 221, 53 S.Ct. 154, 156, 77 L.Ed. 266; *United States v. McLoed*, 608 F.2d 1076, 1078 (5th Cir. 1979).

▮ Further, insofar as the defendant complains of the trial court's denial of a reduction of sentence, under Fed.R.Crim.P. 35 such a motion is addressed to the discretion of the trial judge, and it will be reversed on review only for illegality or a gross abuse of discretion. *United States v. Nerren*, 613 F.2d 572, 573 (5th Cir. 1980).

▮ We find no such abuse of discretion here. Nor do we find, as contended, that the revocation of probation violated the principles approved by *United States v. Reed*, 573 F.2d 1020 (8th Cir. 1978). Here (unlike in *Reed*), the decision to revoke probation was not a reflexive reaction to some technical violations of the probation conditions; it was, rather, properly based upon behavior that the district court reasonably found indicated that the offender " 'cannot be counted on to avoid antisocial activity.' " 573 F.2d at 1024.

Accordingly, we AFFIRM the revocation of probation.

AFFIRMED.