Lato's job performance was similar to plaintiff's.

 Plaintiff attempts to prove that his termination was motivated by racial concerns through evidence that racial slurs were directed towards him. This evidence is not sufficient to establish pretext, however. The termination was in response to plaintiff's tardiness after a series of unexcused absences. Furthermore, the decision to terminate was reached by Bob Morris, the Company vice president upon the recommendation of Tom Faciszewski, the personnel manager. Plaintiff submitted nothing to imply that these particular individuals were engaged in the practice of directing derogatory language towards him or harbored a racial bias against him. Nor does this Court deem the isolated instances of racial slurs on behalf of several coemployees to establish a pretext for the stated reasons of termination, given plaintiff's attendance record and other occasions of unsatisfactory job performance.

Plaintiff additionally argues that defendant violated 42 U.S.C. § 2000e–2 by racially harassing him. He points to the derogatory language used by his fellow employees, and also contends that he was discouraged from applying for tuition reimbursement, and that he received discriminatory job assignments. From the outset, the record does not support the conclusion that plaintiff was in fact discouraged from applying for tuition refunds. Also, plaintiff does not deem the assignment of additional tasks to Mr. Lato to be sufficiently desirable as to render the assignments discriminatory. Mr. Lato did in fact have more seniority than plaintiff. Furthermore, the derogatory comments do not rise to the level of a violation under Title VII. A working environment dominated by racial slurs, however inexcusable, does constitute a violation of Title VII. An infrequent and sporadic use of such language among employees does not trigger Title VII's protections, however. *Id.* at 1257; *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir.1978); *Johnson v. Richmond County*, 507 F.Supp. 993, 996 (S.D.Ga.1981). Plaintiff could only point to four specific instances when racially derogatory language was used. This Court is not convinced that plaintiff was subject to such discriminatory working conditions as are violative of Title VII. *Johnson v. Bunny Bread Co.*, 646 F.2d at 1257; *Cariddi v. Kansas City Chiefs Football Club, Inc.*, 568 F.2d 87, 88 (8th Cir.1977). For these reasons, plaintiff is not entitled to Title VII relief.

## ORDER

IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment be and is entered for defendant on plaintiff's complaint and said complaint be and is dismissed with prejudice at plaintiff's costs.

**UNITED STATES of America**

v.

**Iris RAMOS, Defendant.**

**No. S 84 Cr. 0281 (SWK).**

United States District Court,
S.D. New York.

April 11, 1985.

See also 588 F.Supp. 1223.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City by David Spears, Asst. U.S. Atty., for U.S.

Frederick H. Block, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action is before this Court upon defendant's motion, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, for an order reducing the sentence heretofore imposed.

Defendant was convicted after a six-day jury trial of all three counts contained in the superseding indictment, as follows: one count of conspiring to make false statements and file false documents required under the immigration laws, in violation of 18 U.S.C. §§ 371, 1001, and 1546; and two counts of knowingly making and using false documents in petitions filed with the Immigration and Naturalization Service ("INS"), in violation of 18 U.S.C. § 1001. On September 13, 1984, this Court sentenced the defendant to incarceration for a term of five years on each count, all terms to run concurrently. Defendant is currently serving her sentence.

A motion for the reduction of sentence rests within the sound discretion of the trial judge. *See United States v. Lacey,* 661 F.2d 1021 (5th Cir.1981); *see also United States v. Serrano,* No. 83 Cr. 493, slip op. (S.D.N.Y. March 27, 1984). In urging this Court to reduce her sentence, defendant cites the following: the absence of any prior criminal record; her age and family situation (unwed mother of two young children); and the sentence imposed on a co-schemer. On direct appeal from the conviction herein, the Court of Appeals urged me "carefully to reconsider reduction of the sentence if appropriate motion is made." The Court has done so, but continues to believe that its sentence was just in light of the evidence educed at trial.

The evidence at trial showed that Ramos was an active participant in a scheme to secure permanent resident status for aliens by helping to arrange sham marriages. Together with at least one co-schemer, Sinecio Brown-Cabrera, Ramos located United States citizens willing to "marry" aliens seeking permanent residence. Ramos and Brown organized these "marriages," witnessed them, and then signed and notarized permanent residence petitions intended to fraudulently secure permanent residence status for illegal aliens—for a fee.*

---

* In spite of defendant's contentions, the evidence was not at all clear at trial that she received no portion of these fees. In any event, given her relationship with Brown, she clearly benefitted from the receipt of these fees.

The ploy devised by Ramos and Brown was enacted and re-enacted many times. Illegal aliens would work countless hours, at below standard wages, to earn enough to pay the fee. Many times, however, the aliens hopes were dashed and permanent residence status was denied. Nonetheless, Ramos and Brown dispassionately continued about their illegal business.

The evidence clearly established that Ramos was a knowing participant in this scheme. She helped arrange marriages wherein the same U.S. citizen would marry several different aliens. She would witness those weddings, and would even notarize petitions containing an averment that the citizen was not married to any other individual.

Ramos testified at trial. She brazenly denied any knowledge of the scheme and any participation therein. Given the overwhelming weight of the evidence against her, this testimony could only be seen as blatant perjury.

In moving for a reduction of sentence, a defendant should assert *new* grounds, or changes in circumstances, not before the Court at the time of sentencing, which warrant the reduction of her sentence. *See United States v. Serrano*, No. 83 Cr. 493, slip op. at 2 (S.D.N.Y. March 27, 1984); *see also United States v. Sicenavage*, 496 F.Supp. 121, 125 (E.D.Pa.1980). The defendant has not done so in this case.

This Court, in imposing its sentence, considered the defendant's family situation. I recognize that prison sentences impose a hardship on innocent family members, and I am extremely sympathetic with the defendant and her family for the hardships they are feeling. All of these concerns, however, were essentially before the Court, and were taken into account, at the time sentence was imposed.

Moreover, the Court was aware of, and took into consideration, the sentence imposed on Brown—arguably the more culpable member of the scheme. It is not within the province of this Court to question another district judge in the exercise of his discretion when imposing sentence upon a defendant who pleads guilty to one count in satisfaction of a multiple-count indictment. I considered the factors which I believed were relevant in sentencing the defendant before me. This Court was powerfully moved by the severity of the crimes defendant committed, by the dispassionate manner in which illegal aliens were taken for hard-earned money in misguided reliance upon defendant's ability to illegally secure permanent residence status, by the defendant's lack of remorse and the ominous indications that had regarding her ability and willingness to be rehabilitated, and, most significantly, by the defendant's indignant perjurious manner.

In sum, the Court abided by the Court of Appeals admonishment and carefully reconsidered the sentence imposed in this case. Nonetheless, the Court felt, and, upon such reconsideration continues to feel, that the sentence imposed was just in light of the serious crime the defendant has committed. Accordingly, defendant's motion for a reduction of sentence is hereby DENIED.

SO ORDERED.