786 F.2d 1167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
ARCHIE LARRY THOMAS, Defendant-Appellant.
 85-5441
 United States Court of Appeals, Sixth Circuit.
 2/25/86
 
 E.D.Tenn.
 AFFIRMED
 On Appeal From the United States District Court for the Eastern District of Tennessee
 BEFORE: KEITH and KENNEDY, Circuit Judges; and UNTHANK*,
 PER CURIAM:
 
 
 1
 This appeal presents the question whether the district court abused its discretion in revoking appellant's probation. Appellant, Archie Larry Thomas, pled guilty on July 7, 1978 to two counts of possession and forging a stolen United States Treasury check in violation of 18 U.S.C. Secs. 495 and 1708. The district court sentenced appellant to three years imprisonment on count one and a suspended sentence on count two. Appellant was placed on probation for three years to run consecutively with the sentence imposed on count one. In April of 1984, the probation officer requested a hearing to determine if appellant's probation should be revoked based on five arrests that occurred since appellant was released. After a probation revocation hearing before Judge Thomas Hull on May 14, 1981, the district court found that the appellant had violated the conditions of his probation and committed appellant for medical evaluation and treatment. At the end of the evaluation period, the court modified the conditions of appellant's probation, placing appellant in a halfway house and ordering him to obtain psychiatric counseling. After a second hearing before Judge James Jarvis, the district court revoked appellant's probation because of non-compliance with the second condition of probation. Appellant appeals this decision.
 
 
 2
 In December 1976, the Grand Jury in the Eastern District of Tennessee delivered an indictment charging appellant with violation of Title 18 of the United States Code, Sections 495 and 1708, which prohibits possession and forgery of a stolen United States Treasury check. Appellant entered a plea of guilty to both counts of the indictment. Judge Robert Taylor sentenced him to three years in prison on count one and suspended imposition of sentence on count two while imposing three years probation to run consecutively to the prison term. Prior to this time, appellant had a criminal record including charges of assault, shoplifting, burglary, carrying a weapon and incidents of public drunkenness. After entering his guilty plea, appellant was charged with second degree sexual assault.
 
 
 3
 In May of 1980, appellant was paroled from the three year prison term given on count one. While on parole, appellant was arrested and convicted of shoplifting. Again, while still on parole, appellant was arrested, and this time charged with making obscence telephone calls to an abortion clinic in Knoxville. Shortly thereafter, and while still on parole, appellant was arrested on the University of Tennessee campus and charged with soliciting for prostitution, resisting arrest, assault and trespassing.
 
 
 4
 Appellant's probation period began on November 17, 1981. Subsequent to this date, appellant was arrested in April and May of 1982 and charged with sexual battery. In April 1984, appellant was charged with disorderly conduct for indecent exposure and giving false information. Appellant failed to report the above arrests to his probation officer Carl Papa.
 
 
 5
 Because he considered these charges serious and there seemed to be a pattern developing, Mr. Papa requested that a warrant be issued and a probation revocation hearing scheduled to determine if appellant had violated the terms of his probationary status. After a revocation hearing on May 14, 1984, Judge Hull found appellant in violation of his probation and ordered appellant to a federal facility for evaluation. On August 24, 1984, at the end of the evaluation period, Judge Hull stated that although he was interested in the appellant, he also had 'a bigger interest' in taking care of the people appellant may run into. Consequently, Judge Hull ordered appellant placed under 24-hour supervision at the Patterson and Preyer Evangelistic Halfway House for six months. The judge also ordered appellant to participate in regular counseling sessions at Helen Ross McNabb Center 'for as long as the staff of said Center deem necessary and appropriate.' The record indicates that appellant understood that he should have weekly counseling sessions at the Helen Ross McNabb Center.
 
 
 6
 At the end of the six month period, the Patterson and Preyer Evangelistic team reported that appellant's stay there was satisfactory. However, in abrogation of the second condition of his probation, appellant visited the Helen Ross McNabb Center on only three occasions rather than weekly as envisioned by the Court. At each visit appellant told Center officials that he had only come because the court and Mr. Papa said he had to. Appellant also told them that his only problem was alcohol and he did not need their services. Accordingly, the report submitted to Mr. Papa by the Helen Ross McNabb Center indicated that appellant did not currently or historically reflect an interest in participating in treatment.
 
 
 7
 On March 14, 1985, Mr. Papa sent a memorandum to Judge Hull requesting a hearing to determine if appellant's probation should be revoked because appellant had received no counseling for his sexually deviant behavior, and therefore remained a threat to the community. After a probation revocation hearing was held on May 6, 1985 before Judge James H. Jarvis, the district court decided that both the spirit and meaning of Judge Hull's order had been violated. Judge Jarvis revoked appellant's probation and sentenced him to three years in prison with a recommendation that appellant receive psychiatric counseling while incarcerated.
 
 
 8
 On appeal appellant argues that the district court erred in revoking appellant's probation on both factual and legal grounds. Specifically appellant claims: (1) he complied with the condition upon which his probation was revoked; (2) that the language of the condition was vague; (3) that probation should have been modified as opposed to revoked; and (4) the probation officer failed to adopt suitable methods to bring appellant's conduct into compliance with the condition or to seek alternative treatment. For the following reasons, we reject appellant's contentions and affirm the district court order revoking probation.
 
 I.
 
 9
 It is well settled that probation of a person convicted of a crime is a matter of grace. Burns v. United States, 287 U.S. 216, 220 (1932); United States v. Tucker, 444 F.2d 512, 513 (6th Cir. 1971). In order to revoke probation, it need only reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation. United States v. Rice, 671 F.2d 455, 458 (11th Cir. 1982). Given the broad discretionary power of the district court, an order revoking probation will not be disturbed absent a clear showing of abuse of discretion. United States v. Lacey, 661 F.2d 1021, 1022 (5th Cir. 1981), cert. denied, 456 U.S. 961 (1982).
 
 A.
 
 10
 Appellant first claims that he complied with the condition of his probation. We disagree. 'The 'essence' of probation is contained in the conditions imposed by the court on the probationer's activities.' United States v. Stine, 646 F.2d 839, 842 (3d Cir. 1981). The special conditions should contribute to the rehabilitation of the individual, although they may substantially restrict the individual's activities substantially beyond did not object to the condition at the time the district court imposed it. Therefore, appellant is foreclosed from attacking the condition of probation now.
 
 C.
 
 11
 Appellant next argues that modification rather than revocation of probation was the correct recourse for the district court. Again we do not agree. The Notes of the Advisory Committee on Rule 32.1 of the Federal Rules of Criminal Procedure give three considerations where revocation is appropriate.
 
 
 12
 Revocation followed by imprisonment is an appropriate disposition if the court finds on the basis of the original offense and the intervening conduct of the probationer that:
 
 
 13
 (i) confinement is necessary to protect the public from further criminal activity by the offender; or
 
 
 14
 (ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or
 
 
 15
 (iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.
 
 
 16
 In the present case, an evaluation at a correctional facility disclosed that appellant had an eighty percent chance of continuing sexually deviant behavior unless he received psychiatric counseling. The psychiatric counselor suggested that appellant could receive the necessary counseling either in or out of prison. However, Judge Hull had previously given appellant another opportunity for rehabilitation when he modified appellant's probation. Based on the above standards and appellant's past behavior, we do not believe the district court abused its discretion in revoking probation.
 
 D.
 
 17
 Appellant finally argues that his probation officer failed to adopt suitable methods to bring his behavior into compliance with the conditions of probation or to seek alternative treatment. We again must disagree. The probation officer has traditionally been entrusted with broad discretion to judge the progress of rehabilitation in individual cases. Gagnon v. Scarpelli, 411 U.S. 778, 784 (1973). The entire probationary process could become less flexible if parole officers are not accorded some discretion. See Kartman v. Parratt, 535 F.2d 450, 455 (8th Cir. 1976).
 
 
 18
 We do not believe Mr. Papa abused his discretion in the present case. The record indicates that he took a 'back seat' approach to supervising appellant's rehabilitation because appellant was receiving counseling from two separate sources. Thus, Mr. Papa's telephone contact while appellant was under 24-hour supervision was clearly within his discretion as a probation officer.
 
 
 19
 Appellant's reliance on United States v. Tyler, 605 F.2d 851 (5th Cir. 1979), is misplaced. In Tyler the Fifth Circuit held:
 
 
 20
 The probationary system, however, imposes a duty on a probation officer to represent the interests of both society and the probationer. An unreasonable delay in bringing charges of violations or a piecemeal approach in seeking revocation will rarely, if ever, serve the interests of either.
 
 
 21
 Tyler, 605 F.2d at 853. However, in Tyler, unlike the present case, the court's holding was based on revocation proceedings initiated two years and three months after probationer's conviction on three misdemeanor charges. This clearly was an unreasonable delay. In the present case, however, the violation of appellant's condition of probation occurred only about four months before issuance of the revocation warrant. We do not believe four months is an unreasonable time period to bring probation revocation charges.
 
 
 22
 Probation revocations will be reversed on appeal only upon a clear showing of abuse of the district court's discretion. Appellant has not shown an abuse of that discretion.
 
 
 23
 Accordingly, the order appealed from revoking appellant's probation is affirmed.
 
 
 
 *
 Honorable G. Wix Unthank, United States District Judge for the Eastern District of Kentucky, sitting by designation