845 F.2d 327
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Maurice FORDHAM, Defendant-Appellant.
 No. 87-1917.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1988.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Steven Fordham, pled guilty to an indictment which charged him with conspiracy to distribute cocaine, in violation of 21 U.S.C. Sec. 846. Fordham was given a three-year custody sentence; however, all but thirty days custody was suspended, and he was placed on probation for three years. The terms of his probation included requirements that he follow his probation officer's instructions and that he participate in a substance abuse program which was to include urinalysis, if deemed necessary by the probation department.
 
 
 2
 Upon completing his custody sentence, Fordham was placed in a substance abuse program at the Psychotherapy and Training Center (PTC). He was also directed by his probation officer to provide a urine sample at the probation department office every Wednesday. The PTC program required that he give a urine sample every Monday and Friday. After failing to provide urine samples to either his probation officer or the PTC, defendant was terminated from the PTC program on August 24, 1987.
 
 
 3
 On August 25, 1987, a probation violation petition was filed charging defendant with violating the conditions of his probation. On September 2, 1987, district Judge Newblatt conducted a probation violation hearing and determined that Fordham had violated the terms and conditions of his probation. Judge Newblatt set aside the previous probationary sentence and committed Fordham to the custody of the Attorney General for a period of one and one-half years.
 
 
 4
 On appeal, Fordham seeks reversal of the district court on the basis that he made a good faith effort to comply with the terms of his probation but was unable to do so. An order revoking probation is reviewed on an abuse of discretion standard. See United States v. Miller, 797 F.2d 336, 339 n. 4 (6th Cir.1986). Finding no abuse of discretion, we affirm.
 
 I.
 
 5
 Defendant's sole argument on appeal is that he tried to give a urine sample when requested, but had a bladder problem and was unable to do so. Defendant also claims that his inability to give a sample was caused in part by the fact that it was necessary to give an observed sample. In support of his "good faith" argument, defendant relies on two cases, United States v. Landay, 513 F.2d 306 (5th Cir.1975), and United States v. McLeod, 608 F.2d 1076 (5th Cir.1979). Both cases are distinguishable from the facts presented in this appeal. In Landay, the appeals court found that the defendant had actually complied with the conditions of his probation. Clearly, such is not the case here. The holding in McLeod is actually more supportive of the government's position than defendant's, since McLeod states, "A good faith attempt to comply with a probation agreement is not a controlling factor, but only one of many factors that a District Court may consider in the exercise of its discretion to revoke probation." 608 F.2d at 1078.
 
 II.
 
 6
 Fordham's claim of a good faith effort at compliance was suspect. Although alleging a bladder problem, he offered no medical proof in support of his claim. Furthermore, although he could not produce a urine sample over a four-week period when requested to do so, as soon as he was arrested for a probation violation, he produced a sample on request.
 
 
 7
 Even if the district judge credited Fordham's claims of physical or psychological problems, we could not say he abused his discretion in revoking probation. In Genet v. United States, 375 F.2d 960 (10th Cir.1967), a tax offender was sentenced to five years probation on the condition that he continue to make monthly alimony and child support payments to his former wife. Through no fault of his own, the probationer lost his job and was unable to make the payments, so the district court ordered the revocation of his probation. The United States Court of Appeals for the Tenth Circuit held that the district court did not abuse its discretion by revoking the probation: "[U]nder some circumstances the good faith of the probationer need not be controlling and the factual failure of non-compliance may be the prime consideration in exercising judicial discretion." 375 F.2d at 962.
 
 
 8
 In the instant case, Fordham was convicted of a drug offense. It is obvious that Judge Newblatt concluded that Fordham had a drug problem. If there is no effective way of checking on his drug usage while on probation, the court is justified in revoking probation. As this court stated in Steinberg v. Police Court of Albany, New York, 610 F.2d 449 (6th Cir.1979):
 
 
 9
 A violation demonstrates that the parolee is either unwilling or unable to observe those conditions. It may indicate that parole is not a suitable mode of correctional treatment in his case.... What is important is whether the parolee violated his parole, not whether he did so voluntarily.
 
 
 10
 Id. at 452 (citation omitted). Although in Steinberg we dealt with a parolee, we find the rationale to be equally applicable to a probation setting.
 
 
 11
 AFFIRMED.