**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5722

PAUL PUZZANGHERA,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5724

PAUL PUZZANGHERA,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-94-326, CR-94-515)

Argued: May 10, 1996

Decided: September 27, 1996

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jim Odell Stuckey, II, NELSON, MULLINS, RILEY & SCARBOROUGH, Columbia, South Carolina, for Appellant. Mary Gordon Baker, Assistant United States Attorney, Charleston, South Carolina, for Appellee. **ON BRIEF:** James Y. Becker, NELSON, MULLINS, RILEY & SCARBOROUGH, Columbia, South Carolina, for Appellant. Margaret B. Seymour, United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The defendant appeals from a revocation of parole and supervised release. We affirm.

On November 22, 1988, in the Central District of Utah, the defendant was sentenced for committing bank fraud, to serve five years of probation. On November 15, 1990, in the District of Massachusetts, the defendant was sentenced for escape, to serve 42 months in prison followed by three years of supervised release.

On September 10, 1993, the defendant was released from FCI Jesup and was placed on supervision in South Carolina. Since that time, the defendant has been on both supervised release and probation. In March, 1994, the defendant absconded from supervision and could not be located. On April 8, 1994, jurisdiction over the defendant's probation case was transferred from Utah to the District of South Carolina, and a probation violation warrant was issued. On April 18, 1994, jurisdiction over the defendant's supervised release case was transferred from Massachusetts to the District of South Carolina.

2

On June 21, 1994, the defendant was arrested in Calgary, Canada for offenses committed in Canada, theft and fraud. On August 15, 1994, Canadian Immigration Officials released the defendant to the U. S. Marshal's Service in Salt Lake City, Utah. On August 16, 1994, the defendant made an initial appearance in Salt Lake City before a United States Magistrate Judge. The defendant was found to be a risk of flight and was ordered detained pending probation revocation proceedings.

On August 24, 1994, the defendant made an initial appearance in the District of South Carolina before a United States Magistrate Judge, and an attorney with the Federal Public Defender's office was appointed as his counsel. The defendant subsequently was housed at the Charleston County jail.

Whether the defendant was dissatisfied with his appointed attorney, the record does not show, but in all events, he decided to represent himself. On November 21, 1994, the magistrate judge relieved his first appointed attorney and agreed to appoint another in his stead. On November 28, 1994, the magistrate judge appointed his present attorney.

The attorney requested a hearing, which was scheduled for December 9, 1994 but was continued at the instance of the probation office. Following that continuance, the judge to whom the case was assigned had seven weeks of court, and on March 2, 1995 the case was set for hearing on March 29, 1995, at which time it was heard.

The defendant admits the various charges of probation and supervised release violation.

The first indication of any dissatisfaction with the proceedings on the part of the defendant was on December 14, 1994, when he filed his motion to dismiss for violation of due process, which we consider also to be a motion to dismiss under F.R.Cr.P. 32.1, which provides that a probation violation hearing shall be held"within a reasonable time in the district of jurisdiction." F.R.Cr.P. 32.1(a)(2).

On appeal, the defendant maintains his hearing was not held within a reasonable time. Certainly until December 9, 1994, there was no

3

significant delay at all. The defendant had convictions in the district courts both in Utah and Massachusetts and had absconded to Canada where he committed other crimes and was apprehended by the Canadian authorities. There has been no indication of any undue administrative delay in getting the defendant back into the United States and in transferring him and his case to the district of South Carolina. To the same effect, an attorney was appointed for him, apparently which he did not want for one reason or another, and he acted as his own attorney for several weeks in the fall of 1994, until his present attorney was appointed. The present attorney timely asked for a hearing, which was set and then continued at the instance of the probation office. The record shows no objection to the continuance, and the motion to dismiss the case, filed December 14, 1994 was on account of claimed delay prior to that date. In our opinion, there was hardly any delay at all, much less any unreasonable delay prior to December 14, 1994, so there has been no violation of F.R.Cr.P. 32.1. There having been no violation of the Rules of Criminal Procedure, certainly there has been no violation of due process.

The defendant claims that a witness he had intended to call, a certain Mr. Rosenthal, would testify that he would have given the defendant employment if the probation officer had not told Mr. Rosenthal what the defendant had been convicted of and had been charged with. The government stipulated that is what Rosenthal would have testified to had he lived, and so there was no prejudice accruing on account of Rosenthal's death. In all events, we do not believe the probation officer was under any obligation to withhold from a prospective employer the nature of the defendant's convictions and defalcations.

With respect to the claim that the delay between December 9, 1994 and March 29, 1995 was unreasonable, we think that is also without merit. About 16 weeks was the total time between December 9, 1994 and March 29, 1995, during which time the district judge had been occupied in trials for seven weeks. We do not think that nine weeks' delay, even if it is all counted, is unreasonable, and it follows that it is not a violation of due process.

The defendant also claims that his attorney in the Massachusetts conviction, a federal public defender, had had his license to practice

4

law suspended and he was ineffective on that account. He seeks to attack his Massachusetts conviction in this case on account of ineffective counsel. We have decided, however, in <u>Bloodgood v. Garrahty</u>, 783 F.2d 470, 473-74 (4th Cir. 1986) that a parole board should not consider the validity of underlying convictions in granting parole and custody status, and we think that rule should apply here. The reasoning in the case of <u>United States v. Francischine</u>, 512 F.2d 827 (5th Cir.) <u>cert. denied</u> 423 U.S. 931 (1975), upon which we relied in <u>Bloodgood</u>, is not distinguishable from the case at hand.

The judgment of the district court is accordingly

<u>AFFIRMED</u>.

5