UNITED STATES of America,
Plaintiff-Appellee,

v.

Frank David FRANCISCHINE,
Defendant-Appellant.

No. 74-3495.

United States Court of Appeals,
Fifth Circuit.

May 9, 1975.

Rehearing and Rehearing En Banc
Denied June 30, 1975.

J. V. Eskenazi, Federal Public Defender (Court appointed not under Act), Charlene H. Sorrentino, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., J. B. Ullman, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GOLDBERG and RONEY, Circuit Judges, and GROOMS, District Judge.

RONEY, Circuit Judge:

■ As a defense to the threatened revocation of his probation, federal prisoner Francischine asserts that his underlying conviction is invalid and therefore the district court does not have jurisdiction to revoke the probation, terms of which he admittedly violated. In affirming the district court's revocation of probation, we hold that the underlying validity of a conviction cannot be asserted as a defense in a probation revocation proceeding, that the conviction's validity may be collaterally attacked only in a separate proceeding under 28 U.S.C.A. § 2255, and that a district court has jurisdiction to consider a petition for revocation of probation as if the underlying conviction were unquestioned, until such time as the conviction has been judicially set aside.

Francischine pled guilty to mail fraud under 18 U.S.C.A. § 1341 in 1972. He was sentenced to two years probation, conditioned upon his participation in a drug rehabilitation program. Failure to participate in the drug program brought a split sentence of five months confinement and the remainder of the two year sentence subject to usual conditions of probation. A state marijuana conviction during the probated term brought this petition for revocation before the district court.

In the meantime, the United States Supreme Court held that the type of activity that triggered the mail fraud charge against Francischine did not constitute an offense under the statute to which he had pled guilty. United States v. Maze, 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974). Francischine had obtained merchandise from merchants with credit cards not his own. The theory of the fraud charge involving use of the mails was based on the mailing by the merchants of invoices to the credit card companies or their own company headquarters. Maze held such activity not to be encompassed within the proscription of 18 U.S.C.A. § 1341.

Faced with Maze at the probation revocation proceeding, the district court held that decision to have prospective effect only, and not effective to invalidate Francischine's conviction. There being no dispute that the terms of probation had been violated by the marijuana conviction, the court revoked the probation and ordered Francischine returned to prison to serve out the remainder of his term.

Contending that the district court was wrong in failing to give retroactive effect to Maze, the defendant on appeal asserts that the validity of the underlying conviction is jurisdictional and may be raised at any time at any proceeding in connection with the conviction, including a probation revocation proceeding. He suggests that in the interest of judicial economy the defense should be recognized in such proceeding, rather than requiring a separate action collaterally attacking the conviction.

We do not reach the basic question that is necessary to the defendant's ultimate success, i. e., whether the conviction can be set aside in a § 2255 collateral attack based on Maze. Until the conviction is judicially nullified, its underlying validity plays no necessary part in the consideration of whether a probated prison term should be continued in view of the alleged violation of the terms of probation.

No cases have been cited to support the defendant's contention that a Maze-type invalidity may be asserted against the underlying conviction in a probation revocation proceeding. We find no authority that the conviction can be so questioned in any other proceeding involving the carrying out of a sentence. The decision may be as much one of policy as it is one of applying fixed legal procedures or analogous precedents. On the whole, however, we think it unwise

to mix the two entirely different proceedings.

■ A probation revocation hearing is not a formal trial. United States v. Bryant, 431 F.2d 425 (5th Cir. 1970). The new Federal Rules of Evidence, specifically Rule 1101(d)(3), provide that the rules, other than with respect to privileges, will not apply in proceedings for revoking probation. The matter at issue in such a hearing is the subsequent act of the probationer which may constitute a violation of the terms of his probation, not the original crime for which he received the probated sentence. *See generally* Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935). As the Seventh Circuit stated in Brown v. Warden, 351 F.2d 564 (7th Cir. 1965),

> The inquiry of the court at such a hearing is not directed to the probationer's guilt or innocence in the underlying criminal prosecution, but to the truth of the accusation of a violation of probation. Has the probationer abused the privilege of the period of grace extended to him to aid him in rehabilitation?

351 F.2d 566–567.

■ A revocation of probation is an exercise of broad discretionary power by the trial court akin to that utilized in imposing the probated sentence initially. Evidence that would establish guilt beyond a reasonable doubt is not required to support an order revoking probation. Probably evidence rising to the level of substantial evidence is not even required, absent arbitrary and capricious action in the revocation. All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation. United States v. Langley, 438 F.2d 91 (5th Cir. 1970); Manning v. United States, 161 F.2d 827 (5th Cir. 1947). On review, an action of the trial court revoking probation will not be disturbed in the absence of a clear showing of abuse of discretion.

■ A 28 U.S.C.A. § 2255 proceeding for challenging collaterally the validity of a federal conviction is, on the other hand, a formal procedure with all of the usual accouterments of a civil trial. The legal issues are determined under the established requirements of the Constitution, the statutes, and the judicial precedents. The issues of fact will be resolved under the Federal Rules of Evidence, Rule 1101(e). There is no room for the exercise of that judicial discretion which is involved with a phase of sentencing, such as probation. The trial court's decisions are faced with the clearly erroneous and error of law standards of review applicable to other civil proceedings. The party with the burden of proof loses upon a failure to carry that burden.

The defendant suffers no unfair treatment with this decision. Only rarely does a defendant obtain bail release or suspension of sentence while he is litigating a § 2255 collateral attack on the validity of his conviction. But for the discretionary grace of the trial court in permitting a probated sentence, the defendant Francischine would be serving a confinement sentence while challenging collaterally his conviction. It is patently unfair to permit a probated prisoner, proved unworthy of probation, to remain free of confinement during his collateral litigation while the unprobated but perhaps model prisoner suffers confinement during the same process. The sentencing court and those charged with the control and custody of a convicted prisoner should remain free to supervise the terms of the sentence without being baggaged with concern as to the validity of the conviction. The prisoner may challenge the conviction along the fixed procedures provided by law.

The attack on the jurisdiction of the court is unconvincing. The regulations of custody and the requirements of a sentence flow from the fact of conviction, until such time as it is successfully vacated. Even were defendant to prevail in the asserted defense to probation revocation, the conviction would remain, absent the judicial relief provided by

§ 2255. It would create an intolerable degree of uncertainty for all concerned to have a convicted felon serving a probated sentence which the court had no jurisdiction to revoke.

Nor is the plea for judicial economy persuasive. Even assuming a valid defense, the time and effort involved in evidentiary hearings and final decision on the collateral attack would appear to take equal energy and effort whether litigated in the context of a probation revocation hearing or a separate § 2255 hearing.

We therefore conclude that the court should not have considered the retroactivity of United States v. Maze, *supra*. The factual and policy considerations for a proper determination of that legal issue are not presented by this record. *See* Gosa v. Mayden, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The issue was not properly before the court as a defense to the petition for revocation of probation. There was no other defense. Accordingly, we affirm the revocation of Francischine's probation without prejudice to his right to file, in the proper forum, a § 2255 challenge to the validity of his 1972 conviction.

Affirmed.