**UNITED STATES of America,**
**Appellee,**

v.

**Stephen Thomas WARREN,**
**Defendant–Appellant.**

**Docket No. 01–1684.**

United States Court of Appeals,
Second Circuit.

Argued: Oct. 23, 2002.

Decided: July 8, 2003.

Edward R. Palermo, Palermo & Palermo, Hauppauge, New York, for Defendant–Appellant.

Emily Berger, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, on the brief), for

Alan Vinegrad, United States Attorney, Eastern District of New York, Brooklyn, New York, for Appellee.

Before: WINTER, McLAUGHLIN, and CABRANES, Circuit Judges.

WINTER, Circuit Judge.

Stephen Thomas Warren appeals from the sentence of three years imprisonment imposed by Judge Mishler following Warren's plea of guilty to violation of the terms of his supervised release. Warren seeks a sentence reduction based on claimed constitutional deficiencies in the underlying sentence that imposed the term of supervised release. We affirm, holding that a supervised release revocation proceeding is not the proper forum for a collateral attack on the conviction or sentence that resulted in the term of supervised release.

## BACKGROUND

Warren served a 152–month term of imprisonment following his 1989 guilty plea and consequent conviction of conspiracy to possess with intent to distribute 500 grams or more of cocaine and possession of a firearm during a drug trafficking offense under 21 U.S.C. § 846 and 18 U.S.C. § 924(c) (the "underlying conviction"). On October 5, 2001, Warren pleaded guilty to violating the conditions of his term of supervised release by using narcotics on numerous occasions. He was sentenced to three years imprisonment pursuant to 18 U.S.C. § 3583(e)(3), which governs the revocation of supervised release.[1] This was

---

1. 18 U.S.C. § 3583(e)(3) provides that the court may:

revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on

postrelease supervision, ... except that a defendant whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense

the maximum term available based on Warren's conviction for a class B felony. *See* Note 1.

Warren claims that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that any fact increasing the penalty for a crime beyond the prescribed statutory maximum, other than the fact of conviction, must be submitted to a jury and proved beyond a reasonable doubt), the drug quantity element of his underlying conviction was not validly charged or proven. Without the drug quantity element, Warren argues that his crime was a "Class C" rather than "Class B" felony, calling for a maximum sentence of two years, rather than three years, for the breach of the terms of his supervised release. *See* Note 1.

## DISCUSSION

 Warren neither challenged his underlying conviction and sentence nor objected to the three-year sentence in the supervised release revocation proceeding. We therefore review only for plain error under Fed.R.Crim.P. 52(b). *United States v. McLean*, 287 F.3d 127, 135 (2d Cir. 2002). We find no error, much less plain error, because the validity of his sentence could not properly be raised in the supervised release revocation proceeding.

 We join other circuits in holding that the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding. *See United States v. Francischine*, 512 F.2d 827, 828–29 (5th Cir.1975) (reaching that conclusion with respect to an attempt to collaterally attack an underlying conviction in a probation violation proceeding); *see also United States v. Ho-*

*fierka*, 83 F.3d 357, 363 (11th Cir.1996) (per curiam) ("[A] supervised release revocation proceeding is not the proper forum in which to attack the conviction giving rise to the revocation."); *United States v. Simmons*, 812 F.2d 561, 563 (9th Cir.1987) ("Irrespective of the merits of [defendant's] claim, an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction. The conviction may be collaterally attacked only in a separate proceeding under 28 U.S.C. § 2255, and a court should consider the petition for probation revocation as if the underlying conviction was unquestioned.") (internal citations omitted); *United States v. Torrez–Flores*, 624 F.2d 776, 780 (7th Cir.1980) ("However meritorious this defendant's ... claim may be, an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction."); *cf. Custis v. United States*, 511 U.S. 485, 496– 97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (holding that with sole exception of a conviction obtained in violation of the right to counsel, a defendant has no right to collaterally attack a prior state-court conviction in a federal sentencing proceeding); *United States v. Jones*, 27 F.3d 50, 52 (2d Cir.1994) (per curiam) (holding that the rule in *Custis* applies to "any ... statutory scheme providing for sentence enhancement on the basis of prior felony convictions").

So holding furthers the important interest of promoting the finality of judgments. *See Custis*, 511 U.S. at 497, 114 S.Ct. 1732 (stating, in the context of a sentence enhancement based on a prior conviction, that the interest in finality of judgments counsels against depriving a prior judgment of its " 'normal force and effect in a proceeding that ha[s] an independent pur-

---

is a class C or D felony, or more than one year in any other case . . . .

pose other than to overturn the prior judgmen[t].'") (quoting *Parke v. Raley*, 506 U.S. 20, 30, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992)) (alterations in *Custis*); *Hofierka*, 83 F.3d at 364 ("[R]efusal to permit such collateral attack of convictions [in a supervised release revocation proceeding] furthers the goal of finality of judgments.").

■ Virtually every stage of the federal criminal justice process is progressively tailored to further the goal of finality without foreclosing relief for miscarriages of justice. A defendant's freedom to assert claims is greatest in the trial court. Claims of error not made in the trial court will generally be reviewed only for plain error on direct appeal. *See* Fed.R.Crim.P. 52(b); *McLean*, 287 F.3d at 135. If the defendant fails to raise a claim of error on direct appeal, habeas relief is generally available only upon a showing of cause and prejudice, *see Bousley v. United States*, 523 U.S. 614, 622–23, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *accord Underwood v. United States*, 166 F.3d 84, 87–88 (2d Cir. 1999), and such collateral relief is generally limited to violations of statutory or constitutional law, *see* 28 U.S.C. §§ 2241(c), 2255, para. 1. Habeas corpus relief is, with narrow exceptions, subject to limitation periods, 28 U.S.C. § 2255, para. 6, and to restrictions on successive petitions, 28 U.S.C. § 2255, para. 8.

Remedies for error are thus available to criminal defendants but subject to various substantive and procedural limitations as the legal and temporal distance from the trial or guilty plea increases. This detailed scheme is not consistent with allowing a supervised release revocation proceeding to become a forum for raising claims of error in the conviction or original sentence.

The orderly administration of justice also calls for limiting revocation proceedings to the issue at hand—the fact or nonfact, as the case may be, of a violation of supervised relief. The avenues of relief from error in the conviction or original sentence available to defendants have been dictated by Congress and the Constitution. They are both well-marked and well-traveled. Allowing claims of such error to be raised in proceedings designed to adjudicate a violation of supervised release would lead to endless confusion over the nature of the claims that could be made and in what circumstances such claims could be brought. In particular, courts would face confusion over whether to entertain arguments that are raised during a revocation proceeding in order to evade or trump the procedural and substantive limitations on other avenues for challenging the underlying conviction. This confusion would, therefore, sacrifice the orderly and efficient administration of justice for no particular gain in fairness.

A violation of supervised release is a serious matter, and prosecution of it should not be impeded by the threat of consuming judicial and prosecutorial resources in addressing a host of issues unrelated to the violation. Finally, it would be unfair to those defendants who do not violate the terms of their supervised release to grant those who do a special opportunity to collaterally attack their underlying convictions in supervised release revocation proceedings. *Cf. Francischine*, 512 F.2d at 829 ("It is patently unfair to permit a probated prisoner, proved unworthy of probation, to remain free of confinement during his collateral litigation while the unprobated but perhaps model prisoner suffers confinement during the same process.").[2]

---

2. Warren offers no persuasive arguments to the contrary. Warren points out only that

*Francischine* dealt with revocation of probation, not supervised release and argues that,

## CONCLUSION

For the foregoing reasons, we affirm the imposition of a three year sentence for Warren's violation of the terms of his supervised release.

because the sentence imposed for his violation of supervised release is, unlike a probation violation sentence, "separate and independent" from the underlying conviction, he may collaterally attack the underlying conviction and sentence in the present appeal. We disagree. As noted, underlying our holding are the related interests of courts in the finality of judgments and the orderly administration of justice. If anything, these interests demand more, not less, deference to existing judgments where the subsequent conduct (e.g. violation of supervised release) is "separate and independent" from that of the underlying conviction. As noted above, the greater the legal and temporal distance from that conviction, the greater the interest in finality. We therefore agree with the other circuits that apply the *Francischine* rule to supervised release as well as to probation. *See, e.g., Hofierka*, 83 F.3d at 363.