**UNITED STATES of America,**
**Appellee,**

v.

**Albert RUSSO, Defendant–Appellant.**

**Docket No. 03–1582.**

United States Court of Appeals,
Second Circuit.

March 25, 2004.

Salvatore S. Russo, Brooklyn, New York, for Appellant.

Adam Abensohn, Assistant United States Attorney, Eastern District of New York (Roslynn Mauskopf, United States Attorney), Brooklyn, New York, for Appellee.

PRESENT: MCLAUGHLIN, RAGGI, Circuit Judges, and TRAGER,* District Judge.

## SUMMARY ORDER

Defendant-appellant Albert Russo appeals a judgment sentencing him to 607 days' incarceration on the district court's finding that he had committed four violations of supervised release: (1) assault on his girlfriend; (2) failure to notify probation that he was questioned by the police in connection with threats he purportedly made to his brother's business associate; (3) failure to participate in a domestic violence prevention program; and (4) obstruction of justice in connection with a potential witness, namely, his girlfriend. Russo's supervision term originated in his July 12, 2000 conviction in the District of New Jersey for conspiracy to commit mail fraud. Originally sentenced to five-years' probation, Russo pleaded guilty in 2002 to violating probation by assaulting his for-

---

* The Honorable David G. Trager, District Judge of the Eastern District of New York, sitting by designation.

mer wife, prompting the United States District Court for the District of New Jersey to revoke probation and, on June 5, 2002, to sentence Russo to three-months' incarceration, followed by two-years' supervision. Russo did not appeal either his original conviction or the violation-of-probation judgment. After serving his prison term, Russo was placed under supervision in the Eastern District of New York. We assume familiarity with the supervision violation proceedings before the district court.

### 1. The Legality of the Supervision Violation Sentence

■ Russo contends that the district court lacked legal authority to sentence him for violation of supervision because the supervised release sentence was itself unlawful. This argument is foreclosed by this court's decision in *United States v. Warren*, 335 F.3d 76 (2d Cir.2003), which holds that "the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding," *id.* at 78 (citing cases from other circuits reaching same conclusion).

### 2. The Sufficiency of the Evidence Supporting the District Court's Findings

■ Russo further challenges the sufficiency of the evidence supporting the district court's violation findings. His argument depends, almost entirely, on an attack on the credibility of·his probation officer that was expressly rejected by the district court. We accord considerable deference to a district court's findings of fact at a supervision violation hearing, including its findings as to witness credibility, and we will reverse only

for clear error. *See United States v. Cawley*, 48 F.3d 90, 93 (2d Cir.1995). Having reviewed the hearing record and the district court's thorough opinion detailing its reasons for crediting the probation officer and discrediting defense witnesses who offered contrary testimony, we find no clear error. We conclude that the evidence was sufficient to permit the district court to find by a preponderance of the evidence, *United States v. Meeks*, 25 F.3d 1117, 1123 (2d Cir.1994), that Russo had indeed committed four violations of supervision.

### 3. The 607–day Sentence Was Not Excessive

■ Russo contends that his 607–day sentence is excessive because it represents the maximum term available under the law, *see United States v. Merced*, 263 F.3d 34, 37 (2d Cir.2001); 18 U.S.C. § 3583, whereas his sentencing guideline range recommended a term of four-to-ten months' incarceration.

In imposing sentence for a violation of supervised release, a district court enjoys "broad discretion." *United States v. Wirth*, 250 F.3d 165, 169 (2d Cir.2001). While the court must consider the policy statements in Chapter Seven of the Sentencing Guidelines Manual, *see* U.S.S.G. §§ 7B1.1–1.5, it is not bound to follow them. *See United States v. Wirth*, 250 F.3d at 169. As long as a sentence is within the statutory maximum, we will not reverse unless the term imposed "is plainly unreasonable." *Id.* (quoting 18 U.S.C. § 3742(a)(4)). That is not this case.

Russo had been shown considerable leniency at his original sentencing, being given a non-incarceratory sentence despite his involvement in a multi-million dollar fraud. Having committed one violent assault while on probation, he failed to accept the warning of a three-month sen-

tence, committing a second violent assault within months of his release. He further demonstrated his contempt for supervision by failing to comply with requirements that he participate in a domestic violence prevention program and report contact with the police. Under these circumstances, we conclude that the district court's sentence was not "plainly unreasonable."

In sum, because we find Russo's points on appeal uniformly without merit, the district court's September 19, 2003 judgment is hereby AFFIRMED.