**UNITED STATES of America,**
**Appellee,**

**v.**

**Kenneth J. MAXWELL, Defendant–**
**Appellant.**

**Nos. 08–2833–cr(L), 09–0506–cr(Con),**
**09–0520–cr(Con).**

United States Court of Appeals,
Second Circuit.

March 31, 2009.

---

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on May 21, 2008, is AFFIRMED and the matter is REMANDED for the limited purpose set forth herein.

Charles A. Ross, New York, NY, for Appellant.

Telemachus P. Kasulis, Assistant United States Attorney (Michael A. Levy, Assistant United States Attorney, on the brief), for Lev L. Dassin, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

---

1. The defendant is and has been known by several other names, including David Livingston and Todd Mueller. We refer to the de-

PRESENT: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant Kenneth J. Maxwell [1] appeals from a judgment sentencing him to two consecutive terms of 24 months' imprisonment for violating terms of supervised release imposed in *United States v. Maxwell*, No. 92 Cr. 60 ("Maxwell I") (conviction on a dozen counts of crimes involving fraudulent or deceitful conduct), and *United States v. Maxwell*, No. 92 Cr. 1147 ("Maxwell II") (conviction for attempted escape and impersonation of federal employees), and from the denial of his "omnibus motion" made following the revocation proceedings. Presently incarcerated, serving a 135–month sentence in *United States v. Maxwell*, No. 00 Cr. 483 ("Maxwell III") (conviction on seven counts of wire fraud), to which the challenged sentences run consecutively, Maxwell argues that (1) the district court lacked jurisdiction to hear allegations of supervised release violations in *Maxwell I* and II, and (2) the government's pursuit of those charges violated the plea agreement in *Maxwell II*, thereby depriving defendant of due process. We assume the parties' familiarity with the underlying facts and procedural history of the case, which we refer to only as necessary to explain our decision.

1. *Jurisdiction to Adjudicate the Supervised Release Violations*

    a. *Factual Background*

Maxwell's jurisdictional challenge rests on the claim that he could not have been on supervised release at the time of the charged violations because he had not yet begun to serve the 41–month term of in-

fendant by the name used in the caption of these cases.

carceration imposed in *Maxwell II*.[2] In fact, he had already served 40 months of his original sentence, for which he was entitled to receive credit against the new 41–month sentence. Therefore, he is, in effect, claiming that when he was released from state custody, he still had one month remaining on his 41–month sentence. To explain why we reject the jurisdictional challenge on its merits, we must discuss Maxwell's complicated criminal history, which is characterized by frequently overlapping federal and state prosecutions and commitments for a variety of criminal deeds, in some additional detail.

The record shows that a 40–month prison sentence was originally imposed in *Maxwell II* and that Maxwell had fully served that sentence before he was transferred in 1996 to the State of New Jersey to serve a 60–month state sentence for unrelated crimes. While serving the New Jersey sentence, Maxwell appeared, pursuant to writ, in federal district court and, on consensual remand of his withdrawn appeal in *Maxwell II*, entered a new guilty plea in that case, receiving a sentence of 41 months' incarceration to run consecutively to the New Jersey sentence but with credit given for time already served in the federal case. At Maxwell's express request, the sentence was both one month longer than his previous sentence and run consecutively to afford him any possible benefits associated with release from federal rather than state custody and with federal supervision.

On the completion of Maxwell's New Jersey sentence in October 1999, federal prison authorities—whether correctly or not—did not seek defendant's further incarceration on *Maxwell II*. Thus, upon Maxwell's release from state custody, he was free of any confinement. He promptly reported to federal probation authorities and, while raising a question about the possibility of further incarceration under *Maxwell II*, signed the "Acknowledgment of Conditions" applicable to supervised release. Maxwell remained at liberty through March 3, 2000, during which time he engaged in the fraudulent conduct charged as violations of supervised release.

### b. Maxwell Was on Supervised Release at the Time of the Charged Violations

Where a district court finds that a defendant has violated the terms of his supervised release, we review (1) its identification of jurisdiction *de novo,* (2) its factual findings for clear error, and (3) its ultimate conclusion that the terms of supervised release were violated for abuse of discretion. *See United States v. Carlton,* 442 F.3d 802, 810 (2d Cir.2006); *United States v. Ramos,* 401 F.3d 111, 115 (2d Cir.2005). Even assuming that Maxwell's argument is properly considered as a challenge to the district court's jurisdiction, we identify no error in the challenged judgment.

Title 18 U.S.C. § 3624(e) plainly states that "[t]he term of supervised release commences on the day the person is released from imprisonment." While the statute also states that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days," the Supreme Court has made clear that the statute is concerned only with a person's actual status, not with whether he should have been imprisoned or released

---

**2.** Maxwell does not dispute on appeal that he engaged in the fraudulent conduct that forms the basis for his supervised release violations.

on a particular date. *See United States v. Johnson*, 529 U.S. 53, 57, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000). Thus, a person is "released from imprisonment" and commences supervised release as soon as he is "freed from confinement." *Id.* at 57, 120 S.Ct. 1114.

Applying these principles to this case, we readily conclude that Maxwell's terms of federal supervised release in both *Maxwell I* and *Maxwell II* commenced upon his release from state custody in October 1999. Even if the resentencing in *Maxwell II* might have supported defendant's reincarceration by federal authorities for a brief period or, at least, warranted a formal recalculation of his proper release date from federal custody, any omissions in this respect would not affect the statutory mandate that supervised release commenced as soon as Maxwell was freed from custody. *See* 18 U.S.C. § 3624(e); *United States v. Johnson*, 529 U.S. at 57, 120 S.Ct. 1114; *see also United States v. Barresi*, 361 F.3d 666, 675–76 (2d Cir.2004) (noting "Congress's intent that there be no hiatus between the term of imprisonment and the term of supervised release"). Moreover, because Maxwell signed an "Acknowledgment of Conditions" attending federal supervision within a day of being freed from custody, he cannot complain that he lacked fair notice of his status.

Accordingly, we reject Maxwell's jurisdictional challenge as without merit.

### 2. *Breach of Plea Agreement*

Maxwell argues that, when federal authorities failed to take him back into custody at the conclusion of his New Jersey sentence so that he could serve any remaining portion of the prison term imposed on remand in *Maxwell II*, they breached the oral agreement that he had reached with the prosecution before entering his 1997 guilty plea in that action.

Maxwell submits that the agreement must be enforced or he must be allowed to withdraw his guilty plea in *Maxwell II*, thereby precluding his conviction for violation of supervised release. We reject the argument as waived.

When on December 20, 2007, Maxwell wrote to the district court specifically requesting resolution of the supervised release violation charges in *Maxwell I* and *Maxwell II*, he made no mention of a 1997 plea agreement, much less of any violation of that agreement undermining the *Maxwell II* judgment. Nor did he suggest that his plea agreement precluded pursuit of supervised release violations when, on April 25, 2008, he pleaded guilty to these violations. Even when, on April 26, Maxwell first challenged the district court's jurisdiction to adjudicate the supervised release violations, he did not reference the existence of any plea agreement. It was only in a May 4, 2008 letter to the district court that Maxwell suggested that the April 25 plea proceeding ran afoul of the plea agreement in *Maxwell II*, and it was not until June 6, 2008, after the notice of appeal that prompts our review was filed, that Maxwell suggested in an "omnibus motion" to the district court that the plea agreement violation precluded his conviction for violating supervised release.

Moreover, Maxwell's argument is flawed in several respects. " 'A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea.' " *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir.2008) (quoting *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir.1996)). Maxwell points to no defects in his April 25, 2008 plea proceedings that would render this rule inapplicable here. Moreover, to the extent Maxwell's argument challenges the validity of his conviction in

*Maxwell II,* we have held that "the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding." *United States v. Warren,* 335 F.3d 76, 78 (2d Cir.2003). Accordingly, we deem Maxwell's plea agreement challenge waived.

### 3. *Supervised Release Term*

The government calls to our attention a discrepancy between the one-year term of supervision orally imposed as part of Maxwell's sentence for violating supervised release and the 24-month term of supervision provided for in the corresponding written judgment of conviction. "It is well settled, as a general proposition, that in the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls." *United States v. Rosario,* 386 F.3d 166, 168 (2d Cir.2004). Federal Rule of Criminal Procedure 36 "authorizes a district judge, at any time, to amend the written judgment so that it conforms with the oral sentence pronounced by the court." *United States v. Werber,* 51 F.3d 342, 347 (2d Cir.1995); *see* Fed.R.Civ.P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."). Thus, we remand for the limited purpose of allowing the district judge, after providing any notice it considers appropriate, to amend the written judgment to conform to the oral sentence as permitted by Rule 36.

### 4. *Conclusion*

We have considered Maxwell's additional arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED and the case is REMANDED for the limited purpose of permitting the district court to amend the written judgment as permitted by Federal Rule of Criminal Procedure 36.