**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5027**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CLEVELAND DEWAYNE EASTERLING,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:02-cr-00383-JAB-1)

Submitted: April 27, 2012          Decided: June 5, 2012

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Todd A. Smith, LAW OFFICE OF TODD ALLEN SMITH, Graham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Stephen T. Inman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cleveland Dewayne Easterling appeals the district court's judgment revoking his supervised release and sentencing him to twenty-four months in prison. On appeal, he contends that the district court erred by refusing to hear evidence regarding whether his underlying conviction was still valid in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). We affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Challenges to a district court's authority or jurisdiction are matters of law reviewed de novo. United States v. Winfield, 665 F.3d 107, 109 (4th Cir. 2012); United States v. Buchanan, 638 F.3d 448, 451 (4th Cir. 2011). Procedural sentencing claims and other specific claims of sentencing error raised for the first time on appeal are reviewed for plain error. United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010), cert. denied, 132 S. Ct. 292 (2011); United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010).

To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). We will affirm a sentence imposed after revocation of supervised

release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the court need not robotically tick through every subsection, and ultimately, the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656-57. Moreover, while a district court must provide a statement of reasons for the sentence, the court need not be as detailed or specific when imposing a revocation sentence as when imposing a post-conviction sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in revoking Easterling's supervised release, and his sentence is reasonable.

The district court did not err in concluding that Easterling's underlying conviction could not be attacked at the supervised release revocation hearing.  See United States v. Warren, 335 F.3d 76, 78 (2d Cir. 2003).  Easterling conceded the supervised release violation, and the district court reasonably concluded a twenty-four month prison sentence was appropriate.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4