15-2663-cr
*United States v. Shapiro*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand seventeen.

PRESENT: DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,
JANE A. RESTANI,
*Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
     *Appellee*,

   v.             15-2663-cr

ROBERT SHAPIRO, AKA Robert Weldon, AKA Robert Krimis, AKA Ted Ely, AKA Bob Cremins, AKA Robert Gurian, AKA William Thomas Stovers, AKA Robert Bullis, AKA James Nally,
     *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

* Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

FOR APPELLEE:  MONICA K. CASTRO, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:  ANDREW FREIFELD, Law Office of Andrew Freifeld, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Robert Shapiro appeals from a judgment entered August 17, 2015, revoking his supervised release and sentencing him to three years' imprisonment (minus 297 days for time served).  Shapiro contends that the sentence exceeds the maximum sentence permitted by law and that the district court failed to comply with the requirements of Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Following a jury trial in 1994, Shapiro was convicted of wire fraud, possession of a stolen check, and sale of stolen goods.  On March 28, 1996, the district court (Trager, *J.*) sentenced him to a fifteen-year term of imprisonment for the wire fraud conviction and two ten-year terms, to run consecutively, on the sale and

possession convictions. Shapiro appealed the sentence on the grounds that his conduct did not affect a financial institution within the meaning of 18 U.S.C. § 1343 and that the statutory maximum for his wire fraud conviction therefore was five years rather than thirty years. *United States v. Shapiro*, 1997 WL 35320, at *2 (2d Cir. Jan. 30, 1997) (summary order). We declined to address the financial institution issue and affirmed the sentence on other grounds. *Id.*

After a jury trial in December 1997, Shapiro was convicted of additional crimes: attempting to escape from federal custody and forging the signature of a federal court official. *United States v. Shapiro*, 1999 WL 1295850, at *1 (2d Cir. Dec. 23, 1999) (summary order). The district court (Block, *J.*) sentenced Shapiro to thirty-three months imprisonment, consecutively to his earlier sentence. *Id.* We affirmed the sentence. *Id.* at *2.

While he was on supervised release after completing his terms of imprisonment, proceedings were brought against Shapiro for supervised release violations. In three separate proceedings -- first on March 31, 2011, second on September 12, 2011, and third on August 14, 2015 -- the district court (Ross, *J.*) determined that Shapiro violated the conditions of his supervised release.

The third violation, the focus of this appeal, arose from Shapiro's arrest in October 2011 by New York State authorities for the attempted rape of a twelve-year old girl. On May 28, 2014, Shapiro was convicted, following his guilty plea, of three state

crimes, including attempted criminal sexual act in the first degree (involving a victim less than thirteen years old). He was sentenced to 78 months' imprisonment.

At the August 14, 2015 hearing, Shapiro, proceeding *pro se*,[1] declined a revocation hearing, pleaded guilty to violating his supervisory terms by engaging in attempted sexual assault and related offenses, and presented his sentencing arguments to the district court. The court identified the statutory maximum for the violation as three years, with credit for time served, because (1) the underlying wire fraud conviction carried a statutory maximum of thirty years under 18 U.S.C. § 1343 and thus his initial crime was a Class B felony under 18 U.S.C. § 3559, (2) the statutory maximum for a supervisory violation in such an instance is three years under 18 U.S.C. § 3583(e)(3), and (3) under 18 U.S.C. § 3583(h), the sentence for the violation must be reduced by any time served for a prior revocation of supervised release.[2] The court concluded that the Guidelines sentencing range was 33 to 41 months, discussed the statutory sentencing factors and Shapiro's numerous supervisory violations, stated he would "never cease to be a danger to the public," App. 201, and sentenced him to "three years less 297 days, the maximum sentence [it] can impose on this violation," App. 202. Final judgment entered shortly thereafter. This appeal followed.

---

[1] Shapiro had been represented by four different attorneys before he requested and was granted leave to proceed *pro se*.

[2] The presentence report stated that "the maximum incarceration term can only be two years." Presentence Report at 6. At the August 14, 2015 hearing, however, the district court made clear -- before Shapiro pleaded guilty -- that in its view the maximum sentence was three years less 297 days.

Now represented by counsel, Shapiro challenges his sentence for the supervisory violation on two grounds. First, he asserts that his 1996 wire fraud conviction did not affect a financial institution, and thus it did not carry a statutory maximum of thirty years under § 1343 or qualify as a Class B felony under § 3559. He insists that his conviction instead triggered a statutory maximum of five years, which classified it as a Class D felony and exposed him under § 3583(e)(3) to a maximum of two years -- not three -- of imprisonment for the supervisory violation. He declares that the court should have sentenced him to two years less 297 days, rather than three years less 297 days.

We review the sentencing decision of the district court for plain error because, as Shapiro concedes, he did not raise this argument below during the revocation and sentencing proceeding for his supervisory violation. *United States v. Warren*, 335 F.3d 76, 78 (2d Cir. 2003) ("Warren neither challenged his underlying conviction and sentence nor objected to the three-year sentence in the supervised release revocation proceeding. We therefore review only for plain error under Fed. R. Crim. P. 52(b)."). Plain error is error that is plain, affects substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010).

Here, "[w]e find no error, much less plain error, because . . . the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised

release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding." *Warren*, 335 F.3d at 78. Because Shapiro was unsuccessful in his direct appeal of his sentences for the underlying convictions, *see Shapiro*, 1997 WL 35320, at \*2, he may not re-litigate the issues again in this appeal of his sentence for the supervisory violation.

Moreover, while Shapiro did note his belief that he faced a maximum of two years, that belief was based on the information in the presentence report, which the district court clarified. He never argued that the 1996 conviction was incorrectly deemed a Class B felony when it was actually a Class D felony. As Shapiro did not raise the issue himself, he cannot now reasonably argue that the district court committed plain error in failing to raise the issue *sua sponte*. Moreover, at a status conference on April 13, 2015, when Shapiro was still represented by counsel, the district court, the government, and defense counsel appeared to be in agreement that the maximum was three years.

Second, Shapiro alleges that the district court failed to comply with Federal Rule of Criminal Procedure 32.1(b)(2) during the revocation phase of the August 14, 2015 proceeding. Rule 32.1(b)(2) requires the court, before revoking a term of supervised release, to hold a revocation hearing, unless waived, and to give written notice of the charged violation, to disclose evidence of the violation, and to provide an opportunity to submit evidence, make a statement, and present information in

mitigation. Shapiro claims that he received no written notice, disclosure of evidence, or opportunity to file sentencing submissions, present evidence, and offer mitigating circumstances. We disagree.

Shapiro's assertions are not supported by the record. First, the record reflects that the probation department prepared a written violation report and that, before Shapiro requested to proceed *pro se*, three of his prior attorneys informed the court that Shapiro had either read the violation report or reviewed the allegations in the report. Second, both the court and the government reviewed the evidence of Shapiro's violation -- his plea allocution and certificate of conviction in state court for attempted sexual assault and other offenses -- with him at the August 14, 2015 proceeding. Third, the transcript of the proceeding shows that, during the revocation phase, the court inquired if Shapiro wanted to hold a hearing or plead guilty to the violation, and Shapiro replied that he "[m]ight as well just plead guilty and get it over with." App. 184. During the sentencing phase, the court afforded Shapiro an opportunity, which he took, to present oral argument and mitigating circumstances. The transcript therefore indicates that Shapiro waived his right to a revocation hearing and was indeed given an opportunity to present sentencing evidence and mitigating information before the court. Accordingly, the district court conducted the August 14, 2015 proceeding in compliance with Rule 32.1(b)(2) and we decline to vacate Shapiro's sentence on this basis.

We have considered Shapiro's remaining arguments and find them to be without merit.  For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk