18-3248
*United States of America v. Jose Lopez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand nineteen.

Present:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

   *Appellee*,

  v.             18-3248

JOSE LOPEZ,

   *Defendant-Appellant*.

---

For Defendant-Appellant:   BRUCE R. BRYAN, Esq., Syracuse, NY.

For Appellee:       TIFFANY H. LEE, Assistant United States Attorney *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jose Lopez ("Lopez") appeals from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*) entered October 24, 2018 revoking Lopez's supervised release upon finding that he had violated the conditions of that release, and sentencing him to one year's imprisonment. A district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . ., if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). We review a district court's finding of a violation of supervised release for an abuse of discretion and its factual findings for clear error. *See United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

Lopez first challenges the sufficiency of the evidence underlying the district court's determination that he violated the conditions of his supervised release. Following a revocation hearing, the district court found that Lopez had refused to follow the rules and regulations of the Volunteers of America Residential Reentry Center ("VOA-RRC") at which he was to spend the first 120 days of his term. After reviewing the record, we find that ample evidence supported the district court's conclusion on this issue. For example, VOA-RRC Director Maya Gourdine testified at length as to Lopez's refusal to participate in the VOA-RRC intake process, including offering testimony regarding her conversation with Lopez in which he stated that Gourdine should "send [him] to jail because [he was] not doing the halfway house," and that he "was not going to give

2

[the Bureau of Prisons ("BOP")] or [the United States Probation Office ("USPO")] any[ ]more of his time . . . ." Appendix ("A.") 80. As noted above, we accord considerable deference to a district court's findings of fact at a supervision violation hearing, including its findings as to witness credibility, and we will reverse only for clear error. *See United States v. Cawley*, 48 F.3d 90, 93 (2d Cir. 1995). The district court did not clearly err in crediting Gourdine's testimony, and finding that Lopez's testimony, in which he stated that he did not understand the intake process and had no recollection of his conversation with Gourdine, strained credulity. *See* A. 106.

Lopez also argues that the district court abused its discretion in admitting certain portions of Gourdine's testimony regarding her conversation with Lopez's case worker. "Revocation proceedings are not deemed part of a criminal prosecution, and, therefore, defendants in such proceedings are not entitled to the full panoply of rights" enjoyed in a criminal trial. *United States v. Carthen*, 681 F.3d 94, 99 (2d Cir. 2012) (internal quotation marks omitted). Under Federal Rule of Criminal Procedure 32.1(b)(2)(C), however, the defendant in a revocation proceeding does have the right to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." But we need not reach the issue as to whether some portions of Gourdine's testimony were inadmissible hearsay because there was ample *additional* evidence beyond the contested pieces of testimony from which the district court could have concluded that Lopez had violated the terms of his supervised release. Therefore, we conclude that even if the district court erred in admitting some portions of Gourdine's testimony, such error was harmless.

Next, Lopez claims that the district court's chosen sentence of one year's imprisonment was substantively unreasonable in light of his schizophrenia. "In examining the substantive reasonableness of a sentence, we review the length of the sentence imposed to determine whether

3

it cannot be located within the range of permissible decisions." *United States v. Matta*, 777 F.3d 116, 124 (2d Cir. 2015) (internal quotation marks omitted). We will "set aside a district court's substantive determination only in exceptional cases." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (emphasis omitted). This is not such a case: the district court did not abuse its discretion in imposing a sentence of twelve months' imprisonment, following its prior decision to sentence Lopez to time served (7 months) and his subsequent refusal to comply with the terms of his supervised release. Moreover, to the extent that Lopez's argument that the district court failed to properly weigh his mental illness amounts to the claim that the district court committed error in its relative consideration of the § 3553(a) factors (required to be taken into account during sentencing), the particular "weight" to be given any of the "§ 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

Finally, we decline to consider Lopez's ineffective assistance of counsel claim and his claim that the district court abused its discretion in fashioning his original sentence for the prior violation of the terms of his supervised release. This Court has made clear that "a supervised release revocation proceeding is *not* the proper forum for a collateral attack on the conviction or sentence that resulted in the term of supervised release." *United States v. Warren*, 335 F.3d 76, 77 (2d Cir. 2003) (emphasis added). Instead, the validity of the underlying offense "may be challenged only on direct appeal or through a habeas corpus proceeding." *Id.* at 78. Lopez therefore cannot use this appeal to challenge the validity of the sentence underlying the supervised release revocation proceeding at issue here, although he can bring his ineffective

4

assistance claim through a properly submitted habeas petition. We make no comment as to the merits of that claim.

We have considered Lopez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk