22-2184-cr (L)
*United States v. Green (Reese)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                        22-2184-cr, 22-2628-cr

NEFATEEMIA MASSEY, WILLIAM N. GREEN,

*Defendants,*

CHRISTOPHER E. REESE,

*Defendant-Appellant.*

---

FOR APPELLEE:                  DEREK WIKSTROM, Assistant United States Attorney (T. Josiah Pertz and Sarah Mortazavi, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:                    LAWRENCE D. GERZOG, Law Offices of
                                            Lawrence Gerzog, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on September 16, 2022, is **AFFIRMED**.

Defendant-Appellant Christopher Reese appeals from the district court's judgment revoking his supervised release and sentencing him to eight months' imprisonment, to be followed by one year of supervised release.    On March 29, 2013, a jury found Reese guilty of bank fraud and conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349; conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; and aggravated identity theft, in violation of 18 U.S.C. § 1028A.    Reese was sentenced principally to 108 months' imprisonment, to be followed by three years' supervised release.    On September 9, 2022, approximately two years into his term of supervised release, Reese admitted to two violations of his condition of supervision prohibiting him from associating with known felons without the permission of the United States Probation Office.    The district court subsequently revoked Reese's supervised release and imposed a sentence of eight months' imprisonment, to be followed by one year of supervised release, for the admitted-to violations.[1]    On appeal, Reese argues that the district court abused its discretion by accepting his admissions to the violations in the absence of sufficient evidence that he had knowingly associated with a convicted felon.    We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

---

[1]    Reese has served the eight-month sentence for the violations and is currently on supervised release. His one-year term of supervised release will conclude in April 2024.

We generally review a district court's finding of a violation of supervised release for an abuse of discretion. *United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006). However, where, as here, a defendant raises an objection to his revocation proceeding for the first time on appeal, we "review only for plain error." *United States v. Warren*, 335 F.3d 76, 78 (2d Cir. 2003). Reversal for plain error requires the defendant, at a minimum, to "demonstrate[] that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration adopted) (internal quotation marks and citations omitted).

There was no error here. A federal district court may "revoke a term of supervised release . . . if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of . . . supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). We have made clear that, when a defendant wishes to admit that he has violated the terms of his supervised release, the district court need not engage in "a formal, on-the-record colloquy of the type required by [Federal] Rule [of Criminal Procedure] 11" in connection with guilty pleas to crimes charged in an indictment or information. *United States v. Pelensky*, 129 F.3d 63, 67 (2d Cir. 1997); *see also id.* at 68 (explaining that "superimpos[ing] formalistic procedures such as a Rule 11 colloquy onto this context . . . is neither required by due process nor . . . conducive to a more effective accomplishment of the goals of . . . supervised release" (internal quotation marks and citation omitted)); *Carlton*, 442 F.3d at 807 ("Because revocation proceedings generally have not been considered criminal prosecutions, they have not been subject to the procedural safeguards, including the rights to trial

by jury and to accusations proved beyond a reasonable doubt, associated with a criminal trial."). Revocation proceedings are instead governed by Rule 32.1(b)(2), which requires the district court to hold a hearing, unless waived, and entitles the defendant to, *inter alia*, "written notice of the alleged violation" and "disclosure of the evidence against [him]." Fed. R. Crim. P. 32.1(b)(2). If a defendant wishes to waive the revocation hearing and admit to a violation, the district court must ensure that the waiver is knowing and voluntary. *Pelensky*, 129 F.3d at 68 n.9.

Here, Reese admitted to associating with known convicted felons in violation of a condition of his supervised release, namely, specifications three and five of the United States Probation Office's Second Amended Violation Report (the "Violation Report").[2] Despite his admission, Reese argues on appeal that the district court erred in finding that he committed these violations because the record contained "no evidence whatsoever" that he associated with any individuals that he knew were convicted felons. Appellant's Br. at 8. We disagree.

Prior to his admission to the violations, Reese received a copy of the Violation Report. The Violation Report described records obtained from the Federal Bureau of Prisons ("BOP") indicating that Reese, in connection with his work as a legal assistant, had ongoing communications with BOP inmates, and that he had, for example, helped a convicted felon prepare and file a *pro se* motion on April 18, 2022. At Reese's revocation hearing, the district court recited the specifications from the Violation Report, *see, e.g.*, App'x at 46 ("Specification [three] states that on or about March 16, 2022, to about April 28, 2022, Mr. Reese associated with known convicted felons without permission from the U.S. Probation Department."), and elicited Reese's confirmation that he had seen and reviewed the Violation Report with his counsel, *see id*. at 47–

---

[2] Specification three alleged that Reese associated with known felons, without permission, from on or about March 16, 2022 to about April 28, 2022. Specification five alleged that Reese associated with a known convicted felon without permission in or about August 2022.

4

48 ("THE COURT: Mr. Reese, have you seen a copy of the charges? THE DEFENDANT: I have, your Honor. THE COURT: Have you discussed them with your attorney? THE DEFENDANT: Extensively, your Honor."). When defense counsel indicated that his client wished to admit to specifications three and five, the district court asked a series of questions to ensure that Reese's waiver of his right to a revocation hearing was voluntary and knowing. During that colloquy, the district court confirmed with Reese that he understood the alleged violations, and Reese formally admitted that he had violated a condition of supervised release as alleged in the two specifications:

> THE COURT: Mr. Reese, is it your intent to plead guilty to specifications [three] and [five] at this time?
>
> THE DEFENDANT: That is correct, your Honor.
>
> THE COURT: Have you had a full opportunity to discuss these charges with your attorney and to discuss the consequences of entering a plea of guilty to these specifications at this time?
>
> THE DEFENDANT: I have, your Honor.
>
> THE COURT: Have you reviewed the descriptions of specifications [three] and [five] as set forth in the probation department's request for a violation of supervised release?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: Do you agree with the charges set forth?
>
> THE DEFENDANT: Yes, I do.
>
>                           *       *       *
>
> THE COURT: Having heard me inform you of your rights and the consequences of pleading guilty, and of the penalty that you may face, how do you now plead to specifications [three] and [five], guilty or not guilty?
>
> THE DEFENDANT: Guilty, your Honor.

5

> THE COURT: Are you pleading guilty voluntarily and of your own free will?
>
> THE DEFENDANT: I am, your Honor.

*Id.* at 50–52. The district court then found that Reese's waiver of his rights and admission to the specifications were "entered knowingly and voluntarily" and that his admission was "supported by an independent basis in fact." *Id.* at 52. The district court based its latter finding on a copy of the Probation Office's Violation Report, which contained a summary of the evidence supporting the specifications, including, *inter alia*: (1) Reese's prior admission to having contact with felons in connection with his employment as a legal assistant, which was focused on preparing compassionate release motions; (2) emails collected by the BOP and recorded jail calls indicating that Reese had ongoing communications with inmates regarding legal matters; (3) specific court filings reflecting the work Reese performed on behalf of at least one convicted felon; and (4) multiple warnings to Reese from the Probation Office directing him to cease having direct contact with felons in connection with legal work he was performing for them, which Reese ignored.

Notwithstanding the colloquy and the evidence summarized in the Violation Report, Reese argues that the district court did not have any factual basis upon which to conclude that Reese knew that he interacted with felons. We find that argument unpersuasive. Indeed, even in the more stringent context of Rule 11 guilty pleas, we have held that "a reading of the indictment to the defendant coupled with his admission of the acts described in it . . . would [be] entirely adequate to establish a factual basis" for the plea. *United States v. McFadden*, 238 F.3d 198, 201 (2d Cir. 2001) (internal quotation marks and citation omitted); *see also United States v. Whitaker*, No. 21-1543, 2023 WL 5499363, at *1 (2d Cir. Aug. 25, 2023) (summary order) (finding no plain error in the district court's acceptance of defendant's admission to a supervised release violation for possession of adult pornography even though the district court did not make a finding as to whether

the material at issue met the requisite statutory definition).

In sum, on this record, we conclude that the district court did not err, much less *plainly* err, under Section 3583(e)(3) and Rule 32.1(b)(2), in determining that Reese's waiver of his right to a revocation hearing was knowing and voluntary, and in accepting Reese's admissions to the supervised release violations based on the district court's colloquy with Reese and the information contained in the Violation Report.

\* \* \*

We have considered Reese's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7