NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2269
_____

UNITED STATES OF AMERICA

v.

AMIN A. RASHID,
a/k/a Larry Doby Wilson, a/k/a Jonothan F. Stone, III
a/k/a Alfred Monger, a/k/a Otello Karpo
a/k/a Christine Harriell, a/k/a Ortello Karpo

Amin A. Rashid,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-93-cr-00264-001)
District Judge:  Hon. Jan E. DuBois
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 19, 2016

Before:  JORDAN, HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.

(Filed: January 22, 2016)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Amin Rashid appeals an order of the United States District Court for the Eastern District of Pennsylvania revoking his supervised release. We will affirm.

## I.      Background

Because we write solely for the parties, we recite only those facts necessary to resolve this appeal.[1]  In 1993, Rashid was convicted in the District Court of thirty counts of wire fraud, two counts of mail fraud, thirteen counts of money laundering, and eight counts of laundering proceeds of unlawful activity.  He was sentenced to 168 months' imprisonment and three years' supervised release.  One condition of the supervised release was that Rashid "not commit another federal, state or local crime." (App. D at 2.)

Rashid began his supervised release in September 2005.  He was indicted in August 2008 for a separate fraud scheme, again in the Eastern District of Pennsylvania. A jury found him guilty of nine counts of mail fraud and eight counts of aggravated identity theft, and the District Court entered judgment and sentence in 2013.

Not long after his second fraud scheme came to light, the government filed a petition seeking to hold Rashid guilty of violating his supervised release.  In February

---

[1] Though this is Rashid's first time before us to contest the revocation of his supervised release, he is no stranger.  He has (so far) brought over 60 appeals relating to a 1993 conviction and 11 appeals relating to a 2013 conviction.  We have found merit in only one of those serial appeals, allowing him to discharge his 1993 restitution obligation in bankruptcy. *See In re Rashid*, 210 F.3d 201, 203 (3d Cir. 2000) (per curiam).  We note this history only to reinforce that Rashid has had abundant opportunity to vent his objections to both sets of convictions, but that has not stopped him from raising the objections again, this time in the guise of appealing the revocation of his supervised release.

2015, the government filed an updated petition, citing Rashid's 2013 conviction and sentence on the 2008 charges. The District Court held a revocation hearing, and, on April 17, 2015, it revoked his supervised release and sentenced him to fourteen months' imprisonment, to be served consecutively to the sentence imposed in 2013. The Court denied Rashid's motion to reconsider its revocation order, and this timely appeal followed.

## II.    Discussion[2]

Rashid does not dispute that he was convicted of a federal crime for his conduct during his supervised release.[3] That disposes of this appeal, since Rashid's arguments are actually directed to his 1993 and 2013 convictions, arguments that he may not properly bring in appealing the revocation of his supervised release. *See United States v. Warren*, 335 F.3d 76, 78 (2d Cir. 2003) (holding that "the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding," and

---

[2] The District Court had jurisdiction over the original case under 18 U.S.C. § 3231 and over revocation of supervised release under 18 U.S.C. § 3583(e). We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "The District Court's decision to revoke supervised release is reviewed for abuse of discretion. ... [T]he factual findings supporting that decision are reviewed for clear error; legal issues are subject to de novo review." *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008) (internal citation omitted).

[3] As the District Court properly noted in its hearing on the petition for violation of supervised release, that admission is "the only issue" that determines this case. (Supp. App. at 5.) At the hearing, Rashid agreed with that statement, (*id.*), and agreed to "admit that specific charged violation," namely his conviction in violation of the terms of his supervised release, (*id.* at 6).

collecting cases from other circuits holding the same).  Moreover, even were it permissible in the abstract to consider Rashid's challenges to his underlying convictions, we could not do so in this case because the objections he raises now have already been raised (over and over again) and adequately addressed.[4]

Rashid's additional contention that the District Court displayed bias against him in its revocation hearing is without merit.  The Court's unwillingness to "rehash the basis for the conviction in the 1993 case or the 2008 case," (Supp. App. at 36), was not bias – it was a straightforward application of the law.

## III.  Conclusion

For the foregoing reasons, we will affirm the order of the District Court.

---

[4] With regard to Rashid's challenges to his 1993 conviction, we have repeatedly addressed and rejected his argument that the indictment was constructively amended and expired.  *E.g.*, *Rashid v. Warden Phila. FDC*, 617 F. App'x 221, 224 (3d Cir. 2015).  Consequently, the District Court committed no error in declining before the revocation hearing to resolve Rashid's claims related to the record for his 1993 conviction.

With regard to Rashid's challenges to his 2013 conviction, his hyper-literal distinction between "mail" and "United States Mail" in the indictment was addressed and rejected by the District Court during the course of his prosecution on those charges.  (*See* Supp. App. at 301-02 n.1.)  We affirmed that conviction on direct appeal.  *United States v. Rashid*, 593 F. App'x 132 (3d Cir. 2014), *cert. denied*, 135 S. Ct. 2340 (2015).  In that appeal, we also rejected the claims Rashid now makes about judicial bias, *id.* at 134-35, and we observed that he had waived the argument he now asserts that his acts of identity theft did not affect interstate commerce, *id.* at 138 n.22.

4